ZEHMER, Chief Judge
(specially concurring).
I concur in affirming the appealed order for the reasons stated in the majority opinion in all respects except one. I cannot agree to that portion of the opinion that purports to recede from our decision in Fawaz v. Florida Polymers, 622 So.2d 492 (Fla. 1st DCA 1993), for two reasons. First, Fawaz is materially distinguishable from the instant case and does not involve the same issue. Second, to the extent the majority opinion purports to approve Judge Webster’s dissent in Fawaz as a correct statement of the law governing stipulations in workers’ compensation cases, the majority opinion errs because the rule stated in Judge Webster’s dissent is based on common law principles described in non-workers’ compensation cases that have been somewhat modified by the workers’ compensation rule. Further, the rule described in that dissent is not complete, as is more fully explained in Judge Ervin’s concurring and dissenting opinion, with which I concur in part.[2]
Fawaz is materially distinguishable because the stipulations involved therein had been approved by orders before the employer and carrier relied on a position inconsistent with the facts previously agreed to in the *1197 stipulations, and no motion was ever made by the employer and carrier seeking to modify or set aside the orders. My concurrence in the Fawaz decision is based upon these facts which are clearly set forth in the opinion, and should be read in that context. Unlike Fa-waz, in the instant case we are dealing with a pretrial stipulation that had never been, approved by the judge’s order. In the Fawaz situation, the order approving the stipulation remains binding on the parties until modified pursuant to section 440.28. In the current situation, the pretrial stipulation is binding for purposes of the ease only when accepted by the judge of compensation claims pursuant to rule 4.130, because the rule expressly provides that a stipulation may be abrogated by the judge for good cause shown or when the stipulation appears to be manifestly contrary to the evidence.
The decision in Fawaz must be read and understood in context with the material facts cited in the opinion. Because the stipulations in that case had been approved by orders, that decision is not in conflict with the decision in the instant case. The discussion of Fawaz in the majority opinion is, therefore, essentially dictum that is not essential to reaching a decision in the instant case and, for this reason, does not serve as a valid basis for requiring that the entire court hear this case en banc pursuant to rule 9.331, Florida Rules of Appellate Procedure.
I concur in Judge Ervin’s opinion except as to his statement that “the rule in Faivaz, recognizing a due diligence requirement for parties seeking relief from a stipulation on the ground of mistake of fact, would apply whether or not an order had been entered approving the stipulation.” We need not address this issue because the instant case does not turn on whether claimant’s attorney acted with due diligence in making the pretrial stipulation. Rather, the only issue before us is whether additional facts discovered during routine depositions taken before the pretrial hearing were legally sufficient to demonstrate that the pretrial stipulation was contrary to the facts within the meaning of rule 4.130. Under this rule, whether due diligence in discovering relevant facts that are inconsistent with the stipulated facts is required to avoid or set aside a stipulation becomes relevant only if a party has acted in reliance on the stipulation and will be subjected to nonremedial prejudice if the stipulation is set aside. No such issue is involved in the instant case.
In short, I would affirm this case on the authority of rule 4.130 because the appellants have not shown any abuse of discretion by the judge below in rejecting the pretrial stipulation and awarding attendant care benefits for twelve hours a day. I see absolutely no need for any lengthy discussion of the issue (in fact, this case could easily have been affirmed without opinion).

. In a manner of speaking, since I agree in part both with Judge Barfield’s opinion and Judge Ervin's opinion, I find myself in the position of Chief Justice Christian of the Irish Court of Appeal, who remarked concerning the differing views of two colleagues in a case: " 'I agree with the conclusion arrived at by my brother on the right, for the reasons stated by my brother on the left.’ ” Robert A. Leflar, Appellate Judicial Opinions, 213 (1974).